**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHEAREEN M. JONES,<br><br>                                 Plaintiffs,<br><br>v.<br><br>EXPRESS JET AIRLINES, et al.,<br><br>                                 Defendants. | Civil Action No.: 11-926 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of a motion to dismiss by Defendant ExpressJet Airlines ("ExpressJet") and a motion to dismiss by Defendant Local Lodge 2339N of the International Association of Machinists and Aerospace Workers, AFL-CIO ("IAM Local") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motions to dismiss are GRANTED.

**BACKGROUND**

This action arises out of *pro se* plaintiff Cheareen M. Jones's ("Plaintiff") termination from ExpressJet, where she was employed as a flight attendant. Plaintiff brings this suit against her former employer, Defendant ExpressJet, alleging that she was terminated on the basis of her race

1

(CM/ECF No. 1, 2), and the collective bargaining representative for all Express Jet flight attendants, IAM Local (CM/ECF No. 1, 3).[1]

Plaintiff points to a series of incidents from 2007- 2009. The Court will only recount those which contain allegations that may be plausibly related to the claims discussed herein, as most are general personnel problems or accusations that ExpressJet used witchcraft. For example, Plaintiff states that on an unspecified date in 2009, "Expressjet witchcrafted the cabin causing a passenger to get upset with the captain and myself. It was not an incident of much concern. As the passenger was diffused and was allowed to continue the flight. However Inflight Management was eager for evidence to terminate me in order to cover up racism that they used the first passenger complaint as a verbal warning." (CM/ECF No. 3, 3).

Jones additionally states that "[s]tandards for white flight [a]ttendants are not as high as for black flight [a]ttendants." (CM/ECF No. 3, 2). At an unspecified time in 2008, during "recurrent training," Jones was asked to recite an "ABA briefing" twice, but none of the other trainees, all of whom were Caucasian were asked to do so. Upon asking why she was the only person who had to repeat the recitation, she was removed from the class and "treated as though [she was] out of hand," and an "extremely negative statement" was placed in her file as result. Plaintiff maintains that she did not behave inappropriately.

On April 1, 2010, Plaintiff received an official termination from ExpressJet, which stated that the reason for termination was failure to attend a mandatory meeting on March 31, 2010. (CM/ECF No. 1, 2). Plaintiff states that she did not fail to attend the meeting and that she has no history of "missed trips or missed meetings," even given four years and six months of work evaluations and

---

[1] As Plaintiff's Complaint consists of multiple docket entries and is not in numbered paragraph form throughout, the Court will cite to general page numbers of the Complaint except where possible.

2

work history. (CM/ECF No. 1, 2). She additional states that she sent two e-mails to "first line supervisory staff and first line managerial staff indicating that [she] had no money in which to pay for travel to attend the meeting," but received no response. (CM/ECF No. 1, 2).

At an unspecified time, Plaintiff submitted grievances to Michael Becerra, the Newark-based ExpressJet grievance representative and IAM Local Vice President. Becerra allegedly confirmed receipt of all grievances and conducted an investigation. Additionally, Plaintiff alleges that "Michael Becerra stated that he had finished his investigation and had submitted his response to the grievance committee to begin the arbitration process." (CM/ECF No. 1, 3). Plaintiff states that despite the expiration of the allotted time as noted in the IAM Local collective bargaining agreement, she has not received a response from the committee to date. Jones claims she sent an additional email to Becerra, to which he allegedly responded that he submitted his statement to the committee and that she had to wait for the committee to contact her. Since that unspecified point, Jones states that she "contacted the grievance representative Michael Becerra by voice mail and email and never heard anything from that," despite having allegedly re-filed an online grievance application.

In April 2010, Jones filed a lawsuit, *pro se*, in the Superior Court in Essex County against the IAM Local and ExpressJet. Jones v. Express Jet Airlines, Inc., Docket No. L-2949-10 (N.J. Sup. Ct., 2010) (Deft IAM's Mot. to Dismiss, Ex. A). Plaintiff states that after consulting with counsel, she attempted to pursue her claims through the Equal Employment Opportunity Commission ("EEOC"). On May 10, 2010, Jones filed a Charge of Discrimination with both EEOC and the New Jersey Division on Civil Rights ("NJDCR") against ExpressJet for wrongful termination due to race, color, sex, and retaliatory discrimination under Title VII of the Civil Rights Act of 1964. (CM/ECF No. 4 -1 "Steps of Discipline", 46). Plaintiff dismissed her case in New Jersey Superior Court on

3

October 29, 2010. On January 26, 2011, the EEOC dismissed the charge, concluding that no Title VII violation occurred. (CM/ECF No. 1, 2; Ex. 3). Plaintiff instituted the present suit on February 18, 2011.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint set forth "a short and plaint statement of the claim showing that the pleader is entitled to relief. For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." Twombly at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). However, where Plaintiff is a *pro se* litigant, a court should construe submissions liberally. Estelle v. Gamble, 429

U.S. 97, 106 (1976) ("A *pro se* complaint, however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers"); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004).

## DISCUSSION

Plaintiff merely lists a series of "Acts" that she claims were breached, but does not specify to which Defendant each claim refers. While Plaintiff need not re-allege facts with regard to each claim, she fails to plead facts sufficient to notify Defendants of the substance of her claims under the listed authorities, which includes, for example, the National Labor Relations Act, "IAM Contract," "Flight Attendant Policies and Procedures Manual," "Entrapment," "First Amendment of the U.S. Constitution," and "Doctrine of Employment at Will." In total, Plaintiff lists more than fifty authorities and often neglects to adequately specify the source[2] or lists legal provisions which do not apply to Defendants in this action.[3] As discussed above, bald legal assertions without factual enhancement sufficient to raise a right to relief beyond a speculative level do not meet the requisite pleading standard. Accordingly, the Court will only address claims for which Plaintiff pled relevant facts.

**A. Employment Discrimination**

Plaintiff asserts claims against Defendants for violation of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 20003 et seq., and the New Jersey Law Against Discrimination, N.J.S.A.

---

[2] For example, Plaintiff includes "2A:47 A 1-2 False Complaints of Unprofessional Conduct" and approximately twenty other "Acts" in the same format, which the Court surmises are provisions of the IAM-ExpressJet Collective Bargaining Agreement, without providing any additional information as to the source or to which"Act" she is referring. (CM/ECF No. 1).

[3] For instance, Plaintiff lists multiple New Jersey statutes which only apply to relations between public employers and employees (ie. New Jersey Employer-Employee Relations Act, N.J.S.A. § 34:13A-1 et seq.) or "public works" (ie. New Jersey Prevailing Wage Act, N.J.S.A. § 34:11-56.41), and a series of federal statutes which do not govern the airline industry or create a private right of action. (CM/ECF No. 1).

10:5-1 et seq., which generally follows Title VII claim analysis. Schurr v. Resorts Intl' Hotel, Inc., 196 F.3d 486, 498 (3d Cir. 1999).

Title VII prohibits an employer from discharging any individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2003). The plaintiff has the initial burden of establishing a *prima facie* case of discrimination under Title VII. McDonnell Douglas v. Green, 411 U.S. 792, 801-802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The requisite elements of a *prima facie* case are as follows: (1) that plaintiff is a member of a protected class; (2) that plaintiff was qualified for the position she held; (3) that plaintiff suffered an adverse employment action; and (4) the adverse employment action was "under circumstances that give rise to an inference of unlawful discrimination such as might occur when the position is filled by a person not of the protected class. Jones v. School District of Philadelphia, 198 F.3d 403, 410 (3d Cir. 1999) (affirming grant of summary judgment in favor of defendant employer on Title VII wrongful termination claim). The burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason" for the adverse employment action. Id. If defendant does so, the burden then shifts back to the plaintiff to "prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." Jones, 198 F.3d at 410.

Plaintiff Jones states, in relevant part, that she believes that she "was really terminated for jealousy in being an excellent colored flight attendant; this kind of termination is an historical record for colored women in the flight attendant industry… All of the subjective reasoning's [sic] that first line supervisory listed as the means for my termination were conspired and falsified. I was aggressively pushed into a rapid termination and all of my complaints through 360 degree channels

were completely ignored." (CM/ECF No. 1, 2). However, Jones does not allege sufficient facts indicative of how Defendants unlawfully discriminated on the basis of her race or that establish a plausible right to relief on these grounds.

Plaintiff argues that "HRM did not demonstrate any desire to practice their ability to help me retain my job," and that the methods used were inadequate. (CM/ECF No. 1, 4). For example, Plaintiff states that "[h]uman relation theories were ignored. As in Maslow's hierarchy of human needs and McClelland's acquired needs theory," and that "[n]o form of bounded rationality; rationality must be used in both classical and behavioral (administrative) managerial decision making. Rationality was not used in the first line managerial/supervisory decision making." (CM/ECF No. 1, 4 ¶ 17). Additionally, she states that she "received termination based on a theory X managerial impression." (CM/ECF No. 1, 4 ¶18 ). Plaintiff neither defines the theories and terms listed, nor does she plead facts sufficient to demonstrate that any action or inaction was based on race. However, none of the facts pled by Plaintiff rise to the level necessary to constitute a claim for racial discrimination, as the mere fact that a manager or supervisor is of a different race than the employee who suffered an adverse employment action "is insufficient to permit an inference of discrimination." Coulton v. University of Pennsylvania, 237 Fed. Appx. 741, 747-48 (3d Cir. 2007).

In addition, Jones contends that IAM Local discriminated against her by "not working to repair [her] record as quickly as they would have repaired a white flight attendants [sic] record." (CM/ECF No. 1, 6). Plaintiff does not plead any facts in support of this allegation which would demonstrate that was the case. In any event, Plaintiff's EEOC charge did not name IAM Local and there is no shared commonality of interest with the named party or indication that IAM Local received notice. Thus, Plaintiff may not maintain a suit against IAM Local under Title VII. Schafer

v. Board of Public Education of the School District of Pittsburgh, 903 F.2d 243, 251 (3d Cir. 1990); Fuchilla v. Prockop, 694 F. Supp. 247, 256 (D.N.J. 1987) ("A charge must be filed against a party with the EEOC before an action in the district court can be commenced").

2. Hostile Work Environment

Plaintiff also makes reference to a hostile work environment. In order to make a viable hostile work environment claim under Title VII, a Plaintiff must establish "(1) that he or she suffered intentional discrimination because of race; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same race in that position; and (5) the existence of respondeat superior liability." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1081 (3d Cir. 1996). In evaluating whether a work environment is indeed "hostile" or "abusive", a court should look at the totality of the circumstances. Id. (quoting Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S.Ct. 367, 371, 126 L.Ed.2d 295, 302 (1993)). Plaintiff does not point to any racist remarks made to her. Nor does she demonstrate any instances of disparate treatment, except being made to recite the "ABA briefing" twice, as discussed above. Thus, Plaintiff does not plead facts which raise a plausible right to relief on these grounds.

3. Retaliatory Discharge

Plaintiff additionally states that "all facts confirm that I was terminated for racism in voicing racist issues experienced through ExpressJet Airlines." (CM/ECF No. 3, 4). "To establish a *prima facie* case for retaliatory discharge, a plaintiff must show: (1) that she engaged in a protected activity;

8

(2) that she was discharged subsequent to or contemporaneously with such activity; and (3) that a casual link exists between the protected activity and the discharge." Aman, 85 F.3d at 1085. Further, "protesting what an employee believes in good faith to be a discriminatory practice is clearly protected conduct." Id. (citing 42 U.S.C. § 2000e-3(a); Griffiths v. CIGNA Corp., 988 F.2d 456, 468 (3d Cir. 1993).

Aside from the 2008 recurrent training incident, discussed above, Plaintiff does specify how she voiced her concerns to ExpressJet or provide evidence that she did in fact do so. Plaintiff points to an additional time where ExpressJet "witchcrafts the cabin," during which she was "attacked" by a maintenance man and was rebuked by the captain for using "a loud tone of voice with an attitude issue." (CM/ECF No. 3, 3). Plaintiff does not provide any information about how she was attacked or whether the alleged attack was verbal, physical, etc. She states that she was retaliated against in connection with this incident and issued a written warning that was "concocted and conspired." (CM/ECF No. 3, 4).[4] However, Plaintiff does not plead sufficient facts to plausibly support the contention that she was engaging in a protected activity or voicing a complaint relating to alleged disparate treatment based on race. Accordingly, Plaintiff's retaliatory discharge claim must fail.

## B. Violation of the Duty of Fair Representation

Plaintiff states that the collective bargaining representative, IAM Local, "did not give [her] fair representation" or pursue her grievances, and that her grievances did not go before the labor

---

[4] Plaintiff additionally lists New Jersey's Conscientious Employee Protection ACT, N.J.S.A § 34:19-13, a "whistleblower" statute which prohibits retaliation against employees who report illegal or unethical workplace conduct. Plaintiff's cause of action under this statute must fail for the same reasons as her federal retaliation claim, namely that she fails to establish that she engaged in a whistleblowing activity that suggests a causal connection to her termination. See Sarnowski v. Air Brooke Limousine, Inc. 510 F.3d 398 (3d Cir. 2007).

grievance committee or arbitration committee. (CM/ECF No. 1, ¶ 29-32). In accordance with the liberal construction afforded *pro se* plaintiffs, the Court construes Jones's claim against IAM Local as a breach of the duty of fair representation provided by the Railway Labor Act, 45 U.S.C. § 145, et seq., which governs labor relations in the airline industry.

It is well established that exclusive bargaining representatives have a statutory duty to fairly represent employees in their collective bargaining and enforcement of the resulting collective bargaining agreement. Vaca v. Sipes, 386 U.S. 171, 177, 87 S.Ct. 903 (1967). Further, "[u]nder this doctrine, the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Id. Accordingly, Plaintiff must prove that IAM Local failed to take specific actions on her behalf for an improper purpose or in bad faith. Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 311 (3d Cir. 2004). As discussed above, Jones contends that IAM Local discriminated against her by "not working to repair [her] record as quickly as they would have repaired a white flight attendants [sic] record." (Compl., 6). However, Plaintiff does not plead any facts in support of this allegation which would demonstrate that was the case, except that she has not heard from the IAM Local about the status of her grievance despite being informed that the investigation was complete. Plaintiff does not plead sufficient facts to demonstrate that specific actions were taken by the IAM Local in bad faith, with an improper purpose, or that the decision was made arbitrarily.

In any event, where an employee is asserting claims against their employer for breach of the collective bargaining agreement and against their union for breach of the union's duty of fair representation, "the two claims are inextricably interdependent. To prevail against either the

company or the Union, . . . employee-plaintiffs must not only show that their discharge was contrary to the contract, but must also carry the burden of demonstrating a breach of duty by the Union." DelCostello v. International Broth. of Teamsters, 462 U.S. 151, 164-165, 103 S.Ct. 2281 (1983) (quoting Mitchell v. United Parcel Service, Inc., 451 U.S. 56, 64, 101 S.Ct. 1559 (1981)). As discussed at length above, Plaintiff has not shown that her discharge was contrary to the collective bargaining agreement.

In support of its motion to dismiss, Defendant argues that to the extent this claim should be construed as an attempt to set forth a breach of the duty of fair representation, the claim is barred by the applicable six-month statute of limitations because the claim accrued on the date that Plaintiff received her termination letter. (CM/ECF No. 22, 7-8). However, "[a]s a general matter, a duty of fair representation claim accrues and the six month limitations period commences when 'the futility of further union appeals becomes apparent or should have become apparent. If, however, a union purports to represent an employee in pursuing relief, the employee's duty of fair representation claim against the union will not accrue so long as the union proffers 'rays of hope' that the union can 'remedy the cause of the employee's dissatisfaction.'" Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 305 (3d Cir. 2004) (citations omitted). Although Plaintiff's claim must fail because she did not plead facts sufficient to state a plausible claim to relief, the Court is unable to make a finding as to the timeliness of the claim as Plaintiff Jones did not include dates relevant to this determination.

## C. Remaining Claims

In Plaintiff's Opposition papers, she alleges additional facts and causes of action. Plaintiff states that she was "personally insulted and mocked by defendant's inflight managerial staff during

11

the termination process." (CM/ECF No. 32). Namely, that Plaintiff was allegedly mocked because she was terminated by ExpressJet during her birth month and "items were demanded on the eighth (8th) day of April; which is plaintiff's birthday," and was before the expiration of the fourteen day period during which terminated employees must return company property. Id. Jones also states that Defendants tortiously interfered with her "employment search using airline and airplane witchcraft and spellcraft. . . [and] sky spells." (CM/ECF No. 28, 2).

It is well settled in the Third Circuit that a plaintiff may not amend their complaint through statements made in a brief filed in opposition to a motion to dismiss. See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo., Inc., 836 F.2d 173, 181 (3d Cir. 1988); Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 142 F.Supp.2d 589, 613-14 (D.N.J. 2001). In any event, the additional facts pled do not demonstrate disparate treatment and Plaintiff's tortious interference claim suffers from the same pleading defects discussed above.

## CONCLUSION

Plaintiff does not allege facts sufficient to state a claim upon which relief may be granted. Therefore, Defendants' motions to dismiss under Federal Civil Rule 12(b)(6) are GRANTED. Accordingly, the Court's dismisses without prejudice all claims asserted against Defendants ExpressJet and IAM Local.

An appropriate Order accompanies this Opinion.

DATE: October 17, 2011

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE